IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DION MARIO NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:15cv174-MHT |
| | ) | (WO) |
| LEON BOLLING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

In this lawsuit brought pursuant to 42 U.S.C. § 1983, plaintiff Dion Mario Neal charged defendants, who were correctional staff at Elmore Correctional Facility, with subjecting him to excessive force and failing to protect him from that force in violation of the Eighth Amendment and with invading his privacy when strip-searching him in violation of the Fourteenth Amendment. He also brought claims under state law for assault and battery, negligence or wantonness in connection with the use of force, and negligent supervision or retention of the subordinate defendants

involved in the alleged use of force. The parties settled this case for $ 80,000.00, and the court entered judgment, dismissing the case with prejudice. Currently before the court is Neal's motion for approval of attorneys' fees.

After the court appointed attorney Joel T. Caldwell to represent him, Neal and Caldwell entered a contingency-fee arrangement such that Caldwell would be entitled to 40 % of any recovery. Under the agreement, Caldwell's share of the $ 80,000.00 recovery equates to $ 32,000.00. As Caldwell worked 129 hours on the case, this equates to an hourly rate of $ 248.06. For the reasons that follow, Caldwell's fee will be approved.

The court determines reasonable attorneys' fees by determining the "lodestar" figure, which is the product of the number of hours reasonably expended to prosecute the lawsuit and the reasonable hourly rate for work performed by similarly situated attorneys in the community. After determining the lodestar fee, the court then evaluates whether any portion of this fee

should be adjusted upwards or downwards. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-34 (1983). In making the above calculations, the court follows the 12 factors set out in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974).[*] These factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional

---

    * In <u>Bonner v. City of Prichard, Alabama</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

relationship with the client; and (12) awards in similar cases.

Given Caldwell's extensive time spent drafting complaints, conducting discovery, corresponding with Neal and defense counsel, and other necessary activities to bring about the settlement in this case, the court finds that the request for fees for 129 hours is reasonable.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  "In evaluating comparability of the market rates . . . , the district court may wish to consider any of the Johnson factors to the extent that ... they may affect the weight to be given to the comparables being offered the court." Id. at 1299-1300.  Here, plaintiff's counsel has provided an affidavit from an experienced Montgomery attorney who attests that a

4

contingency fee of 40 % is customary in a case such as this one; moreover, the court is itself an expert on the prevailing contingency rate in the community, and may consult its own experience in determining a reasonable rate.  Id. at 1303.

Taking into consideration the Johnson factors--including the complexity and undesirability of this case and the excellent results achieved by Caldwell, the affidavit attesting that a 40 % contingent fee is customary, and the court's knowledge of attorneys' fees in the community--the court finds that the 40 % contingency fee fits within the prevailing market rate for Montgomery attorneys comparable to Caldwell.  Because this is a contingency case, the court has assessed the fee on that basis rather than an hourly fee basis.

Therefore, the court finds the contingency lodestar to be $ 32,000.00.  Although there may be circumstances justifying an upward or downward adjustment from the loadstar, no adjustments are warranted in this case.

<u>Hensley</u>, 461 U.S. at 434.  The court concludes that $ 32,000.00 is a reasonable fee for Caldwell's prosecution of Neal's case.

***

Accordingly, it is ORDERED that plaintiff Dion Neal's motion for approval of attorneys' fees (doc. no. 80) is granted, and that Honorable Joel T. Caldwell's fee of $ 32,000.00 is approved.

DONE, this the 10th day of January, 2017.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**
